IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TROY JACKSON, | ) | Civil Action No. 7:16cv00137 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| VIRGINIA DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Plaintiff Troy Jackson, a Virginia inmate proceeding *pro se,* filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that his personal property was lost, stolen, or misplaced during his transport to another facility. Having reviewed the complaint, I conclude that Jackson's allegations fail to state a cognizable § 1983 claim and, therefore, will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

Jackson alleges that in January of this year, he was transferred from Sussex I State Prison ("Sussex") to Red Onion State Prison ("Red Onion") and that, upon arriving at Red Onion, he did not receive all of his personal property. Jackson alleges that an officer at Sussex placed his personal property in two boxes. Two weeks after arriving at Red Onion, Jackson received one of the boxes. However, he still has not received the second box, which contains "three black composition notebooks and [a] sizable stack of manila envelopes and file folders," which he states "were all vital to his release/family's financial well-being." Jackson "fears that his personal belongings ha[ve] been misplaced or mistakenly given to another inmate, rendering [them] stolen."

---

[1] Moreover, Jackson does not name a proper defendant to this action as the Virginia Department of Corrections is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 (1989).

The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 545 (1981). Under the Virginia Tort Claims Act, Virginia has waived sovereign immunity for damages for "negligent or wrongful" acts of state employees acting within the scope of employment. Va. Code § 8.01-195.3. The United States Court of Appeals for the Fourth Circuit has held that the Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed by state employees. *See, e.g., Wadhams v. Procunier*, 772 F.2d 75, 77-78 (4th Cir. 1985). Because the availability of a tort action in state court fully satisfies the requirements of a meaningful post-deprivation process, I conclude that Jackson has failed to state a cognizable § 1983 claim. Therefore, I will dismiss his complaint without prejudice pursuant to § 1915A(b)(1).

**ENTER**: This 29th day of April, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE